**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No.  95-40563

UNITED STATES of AMERICA,

Plaintiff-Appellee,

VERSUS

PAULIN SANCHEZ-ROCHA,

Defendant-Appellant.

Appeal from the United States District Court
For the Southern District of Texas
(L-95-16-01)
April 8, 1996

Before DUHÉ, BARKSDALE, and DeMOSS, Circuit Judges.

PER CURIAM:[1]

Pauline Sanchez-Rocha was charged with three counts of inducing aliens to enter the United States illegally, in violation of 8 U.S.C. § 1324(a)(1)(D).  Sanchez-Rocha moved to suppress evidence obtained after the stop of his vehicle by border patrol agents.  Following an evidentiary hearing, the district court denied the motion, holding that the agents had sufficient reasonable suspicion to justify the stop, and alternatively that

_____

[1]  Pursuant to Local Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

the agents had an objectively reasonable good faith belief that they were justified in making the stop. Sanchez-Rocha entered a conditional plea of guilty to the first count of the indictment pursuant to Federal Rule of Criminal Procedure 11(a)(2), preserving his right to appeal the district court's ruling on the motion to suppress. The district court sentenced Sanchez-Rocha to 175 days of imprisonment, three years of supervised release, and a $200 fine. Sanchez-Rocha timely appealed.

In his brief to this court, Sanchez-Rocha attacks the district court's conclusion that the agents had reasonable suspicion to stop him. He does not, however, assert error as to the district court's alternative conclusion that the agents possessed a reasonably objective good faith belief that the stop was justified. While this court construes briefs liberally when determining the issues presented for review, issues not raised at all are waived. United States v. Bullock, 71 F.3d 171, 178 (5th Cir. 1995); United States v. Musa, 45 F.3d 922, 925 (5th Cir. 1995); United States v. Bermea, 30 F.3d 1539, 1572 (5th Cir. 1994), certs. denied, __ U.S. __, __, 115 S.Ct. 1113, 1825 (1995). See also United States v. Miles, 10 F.3d 1135, 1137 n.3 (5th Cir. 1993) ("[W]e caution counsel to state specifically in the opening brief the issues raised on appeal; the failure to do so will usually result in our not considering them."). Accordingly, because Sanchez-Rocha has failed to raise as error in this court the application of the good-faith exception to the exclusionary rule, we do not review this portion of the

district court's ruling.[2]  Thus, the denial of Sanchez-Rocha's

motion to suppress is AFFIRMED.

---

[2]  To raise the issue would not have aided Appellant's cause since the issue is foreclosed by <u>United States v. Ramirez-Lujan</u>, 976 F.2d 930 (5th Cir. 1992), <u>cert. denied</u>, 507 U.S. 987 (1993).